IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN DOE #1, JANE DOE #1 | : | |
| JOHN DOE #1M, *et al.* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No. 8:21-cv-00356-PJM |
| | : | |
| MONTGOMERY COUNTY | : | |
| BOARD OF EDUCATION, *et al.* | : | |
| | : | |
| Defendants | : | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO UNSEAL JUVENILE MATTER RECORD TO OBTAIN CERTIFIED COPIES OF DOCKET ENTRIES, PLEADINGS, PAPERS, AND TRANSCRIPTS**

Defendants Board of Education of Montgomery County ("the Board"), Jeffrey Sullivan, Casey Crouse, Joseph Doody, Eric Wallich and Vincent Colbert, by and through their undersigned attorneys, opposes Plaintiffs' Motion to Unseal Juvenile Matter Record to Obtain Certified Copies of Docket Entries, Pleadings, Papers, and Transcripts (ECF No. 1-235), and for reasons therefore states:

1. Plaintiffs John Doe #2M, 3M, and 4M plead that they were victims of sexual assault by their junior varsity football teammates that took place in the Damascus High School locker room on October 31, 2018. Five juveniles were prosecuted in the Circuit Court for Montgomery County, Maryland for the October 31, 2018 sexual assaults. Juvenile delinquency proceedings are "confidential and shall not be open to inspection except by order of the court or as otherwise expressly provided by law." Md. Code, Cts. & Jud. Proc. § 3-8A-27; Maryland Rule 11-121.

2. Plaintiffs filed suit against the Board and certain MCPS employees (Sullivan, Crouse, Doody, Wallich, and Colbert) claiming that Defendants are liable for violations of Title IX,

   42 U.S.C. § 1983, and under the theories of negligence and gross negligence, in part, for their actions related to the October 31, 2018 sexual assaults.[1]

3. On February 11, 2021, Plaintiffs filed a Motion to Unseal Juvenile Matter Record to Obtain Certified Copies of Docket Entries, Pleadings, Papers, and Transcripts (ECF No. 1-235). This Motion was filed under seal (ECF No. 1-234) and was served on all counsel of record in the Circuit Court case along with counsel, presumptive counsel, or the parent of the five juvenile defendants whose records are sought. Notably, interested party, the Montgomery County State's Attorney's Office, including Carlotta Woodward (Chief of the Juvenile Division of the Montgomery County State's Attorney's Office) and Peter Feeney, the prosecutors for the juvenile matters were not served. In addition, the Motion does not specify which records Plaintiffs seek to unseal.

4. On February 12, 2021, Defendants removed this civil action to this Federal Court (ECF 1). Local Rule 103.5(b) requires:

> If at the time of removal a motion is pending as to which a legal memorandum has been submitted, the party opposing the motion shall file an opposition memorandum on the date that the opposition memorandum was due in the state court or within fourteen (14) days of the date of removal, whichever is earlier.

5. A juvenile record is "confidential and its contents may not be divulged, by subpoena or otherwise, except by order of the court *upon good cause shown*." Md. Courts and Judicial Proceedings Code Ann. § 3-8A-27(emphasis added), Rule 11-121(b). Maryland courts have held that the "determination as to what constitutes good cause . . . is a discretionary

---

[1] The lawsuit was originally filed in the Circuit Court of Maryland, Montgomery County on February 6, 2020 and alleged claims of negligence against the BOE, Crouse, Doody, Wallich and Colbert (ECF 1-1). On January 15, 2021, Plaintiffs amended their Complaints to include Federal Claims. (ECF 1-210; 4-6; 1-213; 4-7) and added Jeffrey Sullivan as a Defendant.

one." *Marks v. State,* 84 Md. App. 269, 277, 578 A.2d 828 (1990), *cert. denied,* 321 Md. 502, 583 A.2d 275 (1991), *Samie v. State*, 181 Md. App. 59, 66, 955 A.2d 794, 798 (2008).

6. As a preliminary matter, Md. Code, Cts, & Jud. Proc. § 3-8A-27(b) provides that, if good cause is shown, the court can order the records to be unsealed. § 3-8A-01(j) defines "court" as "the circuit court for a county sitting as the juvenile court." As such, the Circuit Court for Montgomery County, Maryland, Juvenile Division would be the most appropriate forum to adjudicate this specific issue. The Juvenile Division has access to the confidential juvenile records requested and can best weigh the interests of the parties involved. Plaintiffs should file their Motion to Unseal with the Circuit Court, using the case numbers and captions of the individual juvenile matters before seeking relief from this Court.[2]

7. Plaintiffs state that they need access to the unsealed juvenile records in order to "prove at trial that they were sexually assaulted and attacked on October 31, 2019, in the manner in which they allege" and that the sealed "information describes what occurred to the victims on October 31, 2018." ECF No. 1-235, ¶ 5. Plaintiffs contend that the certified transcripts provide testimony of "important eye-witnesses" and "necessary evidence to support Plaintiffs' claims that the events of October 31, 2018 were foreseeable to Defendants" because the juvenile Defendants 1) admitted to specific factual proffers; 2) described what occurred on October 31, 2018; and 3) made statements regarding what occurred on or prior to October 31, 2018 in the Damascus High School locker room. ECF No. 1-235, ¶ 7.

---

[2] The Fourth Circuit indicated the "importance of deferring, whenever possible, to state court decisions on matters related to its own procedural issues. A strong policy of comity between state and federal sovereignties impels federal courts to recognize a state rule where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Am. Tank Transp. v. First People's Cmty. Fed. Credit Union*, No. 95-1303, 1996 U.S. App. LEXIS 11481, at *13 (4th Cir. May 20, 1996)(internal citations and quotations omitted).

8. Plaintiffs have not established good cause for this Court to unseal the juvenile records. Extensive discovery has been conducted in this case prior to removal. Defendants expect that discovery will continue in Federal Court should issues survive after the dispositive motions are decided. Through the discovery process, nothing prevents Plaintiffs or Defendants from deposing the "important eye-witnesses" and asking them under oath and subject to cross-examination what occurred on and prior to October 31, 2018 in the Damascus High School locker room.[3] In addition, if the witnesses are properly identified, and their testimony deemed relevant and admissible, neither Party is prevented from calling the eye-witnesses to testify at the trial in this matter. Significantly, Defendants were not Parties or participants to the juvenile criminal proceedings and did not have the benefit of cross-examination on important factual issues relevant to their defenses.

9. "Disclosure is permitted when the need for it outweighs the privacy interest of the party who has a privacy interest in the record." *Samie v. State*, 181 Md. App. 59, 67, 955 A.2d 794, 799 (2008)(internal quotations omitted). The Maryland Court of Appeals has held that a criminal defendant's right to confront witnesses against him and mount their defense can outweigh a juvenile's privacy interest. *Robinson v. State,* 354 Md. 287, 313, 730 A.2d 181 (1999); *Samie,* 955 A.2d at 798. In addition, the Maryland Court of Appeals permitted release of a criminal defendant's juvenile court record to the prosecutor in order to evaluate whether the death penalty was proper for that defendant. *In re Robert G,* 296 Md. 175 (Md. App. 1983).

10. This is not a criminal case, the juvenile criminal defendants are not Parties to this lawsuit, and the civil Defendants have not asserted that the sealed juvenile records are necessary

---

[3] Defendants reserve the right to object to the admissibility of this evidence at trial.

for their defense. Rather, Plaintiffs seek to unseal the juvenile records in an effort to support their case with inadmissible evidence that can be otherwise obtained through the normal course of discovery.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion to Unseal Juvenile Matter Record to Obtain Certified Copies of Docket Entries, Pleadings, Papers, and Transcripts (ECF No. 1-235).

                Respectfully submitted,

                MARC P. HANSEN
                COUNTY ATTORNEY

                /s/
                Patricia Lisehora Kane, Chief
                Litigation Division
                Federal Bar No. 13621
                patricia.kane@montgomerycountymd.gov

                /s/
                Sean C. O'Hara
                Federal Bar No. 20725
                sean.ohara@montgomerycountymd.gov

                /s/
                Jacquelyn P. Allen
                Federal Bar No. 20594
                jacquelyn.allen@montgomerycountymd.gov

        /s/
Margaret E. Turlington
Associate County Attorney
Federal Bar No. 21650
meg.turlington@montgomerycountymd.gov

*Counsel for Defendants Board of
Education, Crouse, Wallich,
Colbert & Sullivan*
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700


      /s/
Kevin Karpinski, Esq.
Fed Bar No. 11849
Karpinski, Cornbrooks & Karp, P.A.
120 E. Baltimore Street, Suite 1850
Baltimore, MD 21202-1617
kevin@bkcklaw.com
*Counsel for Defendant Doody*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 25th day of February 2021, a copy of the foregoing, was electronically filed with notice to all counsel of record through the ECF filing system. In addition the following were served via electronic mail and mail:

Daniel J. Wright, Esq.
Law Office of Daniel J. Wright
20 Courthouse Square, #212
Rockville, Maryland 20850
djwrightesq@gmail.com
*Counsel for J.A.*

Tiffani S. Collins, Esq.
Collins Legal Group, LLC
20 South Charles Street, Suite 901
Baltimore, Maryland 21201
tiffani@tcollinslaw.com
*Presumptive Counsel for K.L.*

Shelly L. Brown, Esq.
Shelly Brown Law
809 Baltimore Road
Rockville, Maryland 20851
ShellyBrownAttorney@Shellybrownlaw.com
*Counsel for C.T.*

David K. Felsen, Esq.
Felsen & Sargent LLC
600 Jefferson Plaza, #201
Rockville, Maryland 20852
dfelsen@mdlawyers.com
*Counsel for W.S.*

Leonard L. Casalino, Esq.
Law Offices of Leonard L. Casalino
14760 Main Street, Suite 107
Upper Marlboro, Maryland 20773
LCasalaw@comcast.net
*Counsel for S.K.*

Carlotta Ann Woodward
Chief, Juvenile Court Division
Montgomery County State's Attorney's Office
50 Maryland Avenue, 5th Floor
Rockville, Maryland 20850
Carlotta.Woodward@montgomerycountymd.gov

Peter Feeney
Montgomery County State's Attorney's Office
50 Maryland Avenue, 5th Floor
Rockville, Maryland 20850
Peter.Feeney@montgomerycountymd.gov

And by U.S. Mail Only on:

R. William Hale, Esq.
R. William Hale Law Office
2411 Parallel Lane
Silver Spring, Maryland 20904
*Counsel for S.K.*

And by U.S. Mail and Certified Mail Return Receipt Requested on:

Parent of K.L.
(Name and address omitted from public filing)
*Parent of K.L., a minor*

                              /s/_____
                          Jacquelyn Allen

.