IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN DOE #1, *et al.*,

    Plaintiffs,

v.

MONTGOMERY COUNTY BOARD OF
EDUCATION, *et al.*,

    Defendants.

Civil No. **21-356 PJM**
(Consolidated lead case)

## MEMORANDUM OPINION

Plaintiffs, former students at Damascus High School ("DHS") in Montgomery County, Maryland, have sued Defendants[1] for allegedly fostering an environment that allowed a series of sexual assaults by other students to take place in the school's the junior varsity ("JV") football locker room. The Court recently denied Defendants' Motions for Summary Judgment, a decision that Defendants have appealed. In that connection, Defendants have filed a Motion to Stay Proceedings Pending Interlocutory Appeal (ECF No. 307).[2]

### I.

The background and procedural history of this case are set forth in detail in the Court's Memorandum Opinion on the Motion to Dismiss, which the Court incorporates by reference.

---

[1] Defendants are the Montgomery County Board of Education (the "Board"); Jeffrey Sullivan, Director of Systemwide Athletics for Montgomery County Public Schools; Casey Crouse, former DHS principal; Vincent Colbert, former DHS Junior Varsity Football Coach; Eric Wallich, former DHS Varsity Head Coach; and Joseph Doody, former DHS Athletic Director.

[2] This is not Defendants' first Motion to Stay in this case: In 2021, the Court denied Defendants' a request for a stay pending resolution of their Motion to Dismiss. *Doe #1 v. Montgomery Cnty. Bd. of Educ.*, 2021 WL 6072813, at *16 (D. Md. Dec. 23, 2021).

1

ECF No. 89 (Dec. 23, 2021). To recap in brief: Plaintiffs allege that, over several years, football players at DHS sexually assaulted members of the junior varsity ("JV") football team in the school's locker room as a part of a hazing ritual known as "brooming" (i.e., anally raping by forcibly inserting a pole or broom handle). *See* 2d Am. Compl, ECF No. 118. Plaintiffs seek to hold Defendants responsible for the assaults based on their purported failure to implement appropriate supervisory policies and properly investigate claims of abuse.

This case has already gone through extensive litigation, including multiple amended complaints, a Motion to Dismiss, and numerous discovery disputes. After discovery closed in late 2022, Defendants filed four Motions for Summary Judgment. The Court heard argument on these Motions in April 2023 and on May 3, 2023 delivered an oral opinion denying the Motions. Defendants have taken an interlocutory appeal to the Fourth Circuit, arguing that this Court committed legal error by denying qualified immunity to Defendants Sullivan, Crouse, and Wallich. The instant Motion to Stay Proceedings Pending Interlocutory Appeal followed. ECF No. 307. Plaintiffs oppose the Motion.

## II.

### A. Appropriate Legal Standard

As a threshold matter, the parties disagree over the legal standard that should guide the Court's consideration of the Motion to Stay. Defendants cite *Pense v. Maryland Department of Public Safety* for the proposition that "an interlocutory appeal of an order denying [qualified] immunity divests the district court from jurisdiction to proceed," unless "the appeal is frivolous or forfeited." 2018 WL 11310926, at *1-2 (D. Md. July 26, 2018). Plaintiffs, on the other hand, urge the Court to apply the traditional four-factor test applicable to requests for stays that looks at "(1) whether the stay applicant has made a strong showing of a likelihood of success on the

2

merits; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Plaintiffs reject the suggestion that appeal of an adverse ruling on qualified immunity automatically divests the trial court of jurisdiction.

The Court holds that Defendants' interlocutory appeal of its denial of qualified immunity does not divest it of jurisdiction. Aside from the fact that *Pense* is not binding precedent,[3] there is an important distinction to note: The claims in *Pense* derived solely from federal and Maryland state statutes, such that a grant of immunity on appeal would have ended that lawsuit entirely. In contrast, Defendants here are facing claims based not only on 42 U.S.C. § 1983, but claims that also sound in negligence, as to which immunity does not apply. Therefore, regardless of what the Fourth Circuit might decide about qualified immunity with respect to Defendants Sullivan, Crouse, and Wallich, they will remain Defendants in this case. *See Behrens v. Pelletier*, 516 U.S. 299, 312 (1996) (noting the "right to immunity is a right to immunity from certain claims, not from litigation in general"). Moreover, the Court, at a minimum, retains jurisdiction over the common law claims. Accordingly, the Court will apply the traditional four-factor test to determine whether a stay is warranted.

---

[3] Indeed, the holding in *Pense* is by no means an established rule either in this Court or in the Fourth Circuit. A number of judges in this Court just as often, if not more frequently, have applied the four-factor test for determining whether to grant a stay when an interlocutory appeal on an issue of immunity is pending. *See Campbell v. Sims*, 2021 WL 4342039 (D. Md. Sept. 23, 2021); *Nero v. Mosby*, No. 2017 WL 1048259, at *1 (D. Md. Mar. 20, 2017); *Krell v. Queen Anne's Cnty.*, 2020 WL 416975, at *1 (D. Md. Jan. 27, 2020).

3

B. <u>Discussion of Defendants' Motion to Stay</u>

Under the four-factor test, when considering whether to grant a request for a stay, a district court looks at "(1) whether the stay applicant has made a strong showing of a likelihood of success on the merits; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Hilton*, 481 U.S. at 776.

1. <u>Likelihood of success on the merits</u>

The Court stands by its earlier analyses and conclusions regarding qualified immunity are correct. The Court acknowledges that, even if it concludes that Defendants are unlikely to prevail on appeal, a stay may still be appropriate where the appeal raises "serious questions of law," *U.S. Home Corp. v. Settlers Crossing, LLC*, 2015 WL 3973071, at *6 (D. Md. June 29, 2015), or if Defendants have at least made a "substantial case" that they will succeed on the merits, *Par Pharm., Inc. v. TWI Pharm., Inc.*, 2014 WL 3956024, at *2 (D. Md. Aug. 12, 2014).

Neither of those considerations obtain here. The issue of qualified immunity in this case does not present a novel question of law, even if Defendants disagree with the Court's application of the law.

Nor, in the Court's opinion, have Defendants made a "substantial case" that they will succeed on the merits. They allege the Court committed legal error in denying qualified immunity when it: (1) applied the *in loco parentis* and special relationship standard required for the common law tort of negligence to the surviving § 1983 claims; (2) held that a subordinate's negligence could satisfy the constitutional misconduct prong for establishing supervisory liability; and (3) failed to define the alleged constitutional right at issue with the required specificity. But Defendants' analyses of these points largely rehash what they already argued—

4

and what the Court already rejected—on summary judgment. Their Motion to Stay raises no new argument that casts doubt on the Court's earlier conclusions. In other words, the Court believes Defendants do not have a high likelihood of success on the merits of their appeal.

### 2. Irreparable injury to stay applicant

Defendants next argue that they will suffer irreparable harm if a stay is not granted because qualified immunity is not merely an affirmative defense, but "an entitlement not to stand trial" in the first place, and that their immunity therefore will be "effectively lost if [the] case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). That simply is not so. Regardless of how the Fourth Circuit rules on the qualified immunity issue, Defendants Sullivan, Crouse, and Wallich will remain, at a minimum, as Defendants on the negligence-based counts. It is not a question of whether these Defendants will "stand trial," but only on what counts they will be tried. Defendants have not shown they will suffer "irreparable injury" absent a stay.

### 3. Injuries to other interested parties

Defendants claim that a stay would not injure Plaintiffs or other interested parties for two reasons: First, "fading memories" are not an issue here because extensive depositions have been taken during discovery and, second, an expected delay of a few months to resolve Defendants' appeal would not be significant in the context of years-long litigation.

But that "years-long" litigation is exactly what concerns the Court. Plaintiffs' claimed injuries occurred between 2017 and 2018—five to six years ago—and they have, to this point, pursued this lawsuit for over three years. Indeed, the Court would think that all parties to the case, Plaintiffs and Defendants alike, would be interested in a final determination of liability

without further delay. The claimed injuries to Plaintiffs clearly militate against issuance of a stay.

### 4. Public interest

Finally, Defendants assert that the public has an important interest in the proper application of qualified immunity. Accepting that to be so, is the public interest in resolving with appropriate dispatch the alleged brutal treatment of its children any less? Again: Because Sullivan, Crouse, and Wallich will in any event be held to answer with respect to the negligence claims regardless of the outcome of Defendants' appeal, the public interest in properly applying immunity is not a consideration at best and in no sense weighs in favor of staying this lawsuit.

## I. CONCLUSION

The Court concludes that the traditional factors, on balance, do not justify a stay here. Accordingly, Defendants' Motion to Stay Proceedings Pending Interlocutory Appeal (ECF No. 307) is **DENIED**.

A separate Order will ISSUE.

July 26, 2023

/s/ PETER J. MESSITTE